[No. 1762]

WESTERN ENGINEERING AND CONSTRUCTION COMPANY AND TONOPAH LUMBER COMPANY, PLAINTIFFS, *v.* THE NEVADA AMUSEMENT COMPANY AND PATRICK WALSH AND WILLIAM EASTON, RESPONDENTS, AND INTERSTATE LUMBER AND MILL COMPANY, INTERVENER AND APPELLANT.

1. APPEAL AND ERROR—DISMISSAL—BILL OF EXCEPTIONS—DELAY IN FILING—REINSTATEMENT.

   Respondent procured the dismissal of an appeal for delay, producing a certificate from the deputy clerk, stating that no application had been made to have the transcript certified. Appellant thereafter moved to have the case reinstated, on an affidavit that the transcript, complete except as to the clerk's certificate, was presented to the clerk before the time required, and that appellant was unable to secure a certificate until a day later than that on which the case was dismissed, because the papers were in the possession of a referee, or had been mislaid, and were not found until the day on which the clerk certified the transcript, which was two days before the service of appellant's affidavit on respondent, and four days before the filing of the affidavit in the supreme court. *Held*, that the delay was not caused by the laches of appellant or its attorneys, and that it was entitled to reinstatement.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *F. P. Langan*, Judge.

Action by the Interstate Lumber and Mill Company against the Nevada Amusement Company and another. Judgment for defendants, and plaintiff appeals. On motion for reinstatement after dismissal for delay. **Granted.**

The facts sufficiently appear in the opinion.

*Thompson, Morehouse & Thompson*, for Appellant.

*D. S. Truman*, for Respondent.

By the Court, TALBOT, J. :

The respondent had the appeal dismissed upon his presentation of a certificate from the clerk of the district court,

signed by the deputy, complying with Rule 3 of this court, showing, among other things, that there had been undue delay since the filing of the notice and undertaking upon appeal and settlement of the bill of exceptions, and stating that neither the appellant nor his attorneys had ever requested the clerk to certify to the record. The appellant has moved to have the case reinstated, and in support of his motion has filed the affidavit of his attorney stating that the transcript, complete except as to the certificate of the clerk, was prepared and presented to the clerk long before the time required by Rule 2; that appellant was unable to secure the certificate of the clerk to the transcript until a date later than that on which the case was dismissed, for the reason that all the papers were out of the possession of the clerk, and were in the possession of the referee, or had been mislaid, and were not returned or found until the date on which the clerk certified to the transcript, which was two days before the service of appellant's affidavit on respondent, and four days before the filing of the affidavit in this court.

It will be observed that the certificate, in support of the motion to dismiss, in its statement that no application was made to have the transcript certified, is in conflict with the affidavit stating that such application was duly made, and that the delay in certifying the transcript by the clerk was no fault of appellant. The inconsistency may have occurred by reason of the application for the certifying of the record having been made to the clerk, and the certificate stating that it had not been made, issued by his deputy. Under these circumstances we conclude that the delay was not caused by the laches of the appellant or its attorneys. If the matter were doubtful, it would still be better to reinstate the appeal. Respondent has objected to the sufficiency of the transcript; but, as it has not yet been filed, these objections can be more appropriately considered after the case is restored and counsel have prepared their briefs.

It is ordered that the case be reinstated, and that the appellant be allowed fifteen days in which to file the transcript on appeal.